IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-20107
Conference Calendar
_____


SHIRLEY CLARK LA BLANCHE,

Petitioner-Appellant,

versus

SHELLY P. HANCOCK, Judge,

Respondent-Appellee.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 95-MC-27
- - - - - - - - - -
August 22, 1995


Before KING, JOLLY, and WIENER, Circuit Judges.

PER CURIAM:[*]

IT IS ORDERED that Shirley Clark La Blanche's motion for leave to proceed in forma pauperis (IFP) and for appointment of counsel are DENIED, because her appeal from the denial of mandamus relief lacks arguable merit and is therefore frivolous. See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983). Because the appeal is frivolous, IT IS FURTHER ORDERED that the

---

[*]     Local Rule 47.5 provides:  "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession."  Pursuant to that Rule, the court has determined that this opinion should not be published.

appeal is DISMISSED.  See 5th Cir. R. 42.2.

La Blanche was named the defendant in four misdemeanor cases filed in a Texas state court.  The trial judge and a state appellate court denied her applications for the judge's recusal. La Blanche then sought to achieve that result by filing a petition for mandamus in the United States district court.  She now requests leave to proceed IFP upon this appeal from the denial of her said petition.

"[A] federal court lacks the general power to issue writs of mandamus to direct state courts and their judicial officers in the performance of their duties where [as in La Blanche's case] mandamus is the only relief sought."  Moye v. Clerk, DeKalb County Superior Court, 474 F.2d 1275, 1276 (5th Cir. 1973).  In Howell v. Supreme Court of Texas, 885 F.2d 308, 309-13 (5th Cir. 1989), cert. denied, 496 U.S. 936 (1990), this court held that the district court lacked jurisdiction under 42 U.S.C. § 1983 to review Texas Supreme Court justices' refusal to recuse or disqualify themselves in a state court civil proceeding. Accordingly, La Blanche's appeal is frivolous as a matter of law.

MOTIONS FOR IFP AND COUNSEL DENIED; APPEAL DISMISSED.